```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAHEEM SMALLS,
                          Plaintiff,
                                                                    REPORT AND
          -against-                                                 RECOMMENDATION
                                                                    CV 09-5347  (SJF) (WDW)
PETSMART, INC.,

                          Defendant.
----------------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the undersigned, on referral from Judge Feuerstein, is a motion to dismiss the complaint submitted by defendant PetSmart, Inc. ("PetSmart"). *See* Docket Entry ("DE") [9]. Plaintiff Raheem Smalls opposes the motion. *See* DE [13]. For the reasons set forth herein, it is respectfully recommended that the motion be granted as to plaintiff's claims for breach of contract and wrongful termination, and denied as to his claim of discriminatory termination.

## BACKGROUND

Smalls alleges causes of action for breach of contract, wrongful termination and discriminatory termination. Compl., DE [1]. According to the Complaint, Smalls was hired by defendant PetSmart in October 2007, and promoted to the position of Operations Manager of the store located in Valley Stream, New York, in February 2008. *Id.* ¶¶3, 9. Prior to the start of Smalls' employment, Anthony Armstead was hired by PetSmart to work as a stockperson at the Valley Stream location. *Id.* ¶¶15-17. Armstead was hired by PetSmart General Manager Mike Krauth and "passed the company's background check." *Id.* ¶15. Smalls did not hire Armstead, and was not responsible for his behavior nor was he responsible for performing background checks. *Id.* ¶23. Both Smalls and Armstead are African-American, and Krauth is Caucasian. *Id.* ¶25.

In July 2008, Armstead was fired because of his involvement with a theft at the store. Compl. ¶18. On approximately January 5, 2009, Parole Office Roxanne Marie came to the store and announced to Smalls and PetSmart's Acting General Manager Jose Perez that she was Armstead's parole officer. *Id.* ¶19. Both Smalls and Perez denied knowing that Armstead was on parole. *Id.* ¶20. On January 27, 2009, Smalls' employment was terminated for violating PetSmart's Ethics policy by "failing to disclose that Mr. Armstead was on parole." *Id.* ¶¶ 13, 22. According to plaintiff, PetSmart claims that he knew about, and failed to disclose, Armstead's parole status because he had seen Officer Marie on prior visits to the Valley Stream store. *Id.* ¶29.

Smalls claims that he was treated differently from other managers. He alleges that no disciplinary action was taken against Krauth, who hired Armstead and had responsibility to perform background checks. Compl. ¶24. He also claims that Perez, who he identifies as white/Hispanic, was also present on Officer Marie's prior visits and was not subjected to disciplinary action. *Id.* ¶31. Additional allegations in support of plaintiff's claim that his termination was race-based include the claim that he was the only African-American operations manager in the district, which included 19 store locations, *id.* ¶33, and that he was replaced by a "white/Hispanic male." *Id.* ¶32.

In addition to his discrimination allegations, Smalls claims that PetSmart violated company policy set forth in the employee handbook, and that this handbook "formed an employment contract." Compl. ¶34. He alleges that the handbook requires an employee to be "coached then counseled then subject to a written warning prior to firing" and that none of this was done prior to his termination. *Id.* ¶36. According to Smalls, the company policy constituted an "employment contract," and PetSmart's failure to follow that policy constituted a breach of

2

contract. He also claims "wrongful termination."

## DISCUSSION

**I. Standard For Motion To Dismiss**:

Rule 8 of the Federal Rules of Civil Procedures requires that a civil complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). "Specific facts are not necessary; the statement need only "'give defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (ellipsis in original)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Complaints alleging Title VII causes of action do not require greater particularity, and thus "the ordinary rules for assessing the sufficiency of a complaint apply." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 511 (2002). An employment discrimination complaint "must include only a short and plain statement of the claim . . . [and] must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (internal quotations and citations omitted).[1]

In its recent decisions, the Supreme Court has stated that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"*Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). Although for the purposes of a motion to dismiss the court must accept as true the factual allegations in the complaint, it is not "bound to accept as true a legal conclusion couched as a factual allegation," *Iqbal,* 129 S. Ct. at 1949-50, and "[t]hreadbare

---

[1]The pleading standard for employment discrimination claims enunciated in *Swierkiewicz* was explicitly affirmed by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544, 547 (2007).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. The court must "determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson,* 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal,* 129 S. Ct. at 1950). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S. Ct. at 1949 (internal quotation marks and citations omitted); *see also Twombly,* 550 U.S. at 570 (noting that a complaint must be dismissed where a plaintiff has not "nudged [his] claims across the line from conceivable to plausible"). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S. Ct. at 1950.

"The task of a court in ruling on a motion to dismiss is to 'assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Fowler v. Scores Holding Co.,* 677 F. Supp. 2d 673, 678 (S.D.N.Y. 2009) (quoting *In re Initial Pub. Offering Sec. Litig.,* 383 F. Supp. 2d 566, 574 (S.D.N.Y.2005)). To defeat a Rule 12(b)(6) motion to dismiss, the complaint need not contain specific facts establishing a prima facie case of employment discrimination, but the claim "must be facially plausible and must give fair notice to the defendants of the basis for the claim." *Morales v. Long Island R.R. Co.,* 2010 WL 1948606, at *3 (S.D.N.Y. May 14, 2010); *see also Fowler,* 677 F. Supp. 2d at 679.

The court will address defendant's motion to dismiss the complaint with these standards in mind.

**A. Title VII Claim - Discriminatory Termination**

Smalls generally claims that he was "fired for racially discrminiatory reasons in violation of Title VII of the Civil Rights Act." Compl. ¶27. He claims that he was treated differently than non-African-American employees in that he was terminated while two other employees, the Caucasian General Manager and the "white/Hispanic" General Manager, were not disciplined at all. To ultimately prevail on a disparate treatment cause of action, plaintiff must prove that "(1) he is a member of a protected class; (2) he is competent to perform the job or is performing his duties satisfactorily; (3) he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on his membership in the protected class." *LaGrande v. DeCrescente Distrib. Co.,* 370 Fed.Appx. 206, 211 (2d Cir. 2010) (quoting *Dawson v. Bumble & Bumble,* 398 F.3d 211, 216 (2d Cir.2005)).

In analyzing a discrimination claim on a motion to dismiss, the court is guided by the Second Circuit's decision in *Boykin v. KeyCorp,* 521 F.3d 202 (2d Cir. 2008). In that case, the Second Circuit reversed the district court's dismissal of plaintiff's complaint of race and gender discrimination and disparate treatment under the Fair Housing Act against defendant KeyBank for its denial of plaintiff's loan application. The district court, in reasoning explicitly rejected by the Second Circuit, had found that

> While Plaintiff generally alleges that KeyBank discriminated against her based on her race and sex, the Complaint contains no specific facts supporting her claims. The only specific acts alleged in the Complaint are that KeyBank denied Plaintiff's loan and failed to offer her other loan products. There are no factual allegations whatsoever that connect KeyBank's denial of Plaintiff's loan to a discriminatory motive or racial animus.

*Id.* at 214 (quoting *Boykin,* 2005 WL 711891, at *4 (internal citations omitted)). The district court "summed up its analysis by stating that '[i]t is not enough for Plaintiff to simply state that she is a black woman who was denied a loan.'" 521 F.3d at 214 (quoting *Boykin,* 2005 WL 711891, at *4). The Second Circuit disagreed with the trial court's conclusion. It found that plaintiff did *not* need to specifically allege discriminatory animus, noting that the court has found complaints of racial discrimination "sufficiently pleaded when the complaint stated simply that plaintiffs 'are African-Americans, describe[d] defendants' actions in detail, and allege[d] that defendants selected [plaintiffs] for maltreatment 'solely because of their color.'" *Boykin,* 521 F.3d at 215 (alterations in original) (citing *Phillip v. Univ. of Rochester,* 316 F.3d 291, 298 (2d Cir. 2003)).[2] Thus, in this Circuit, "[a] complaint that contains specific factual allegations as to events leading up to an adverse action, accompanied by conclusory allegations of discriminatory intent, suffices to state a discrimination claim." *Morales v. Long Island R.R. Co.,* 2010 WL 1948606, at *3 (S.D.N.Y. May 14, 2010) (citing *Boykin,* 521 F.3d at 214-15).

As in *Boykin,* plaintiff Smalls has alleged that he is an African-American, has alleged that he performed his job competently, has identified the adverse employment action underlying his claim, *i.e.*, his termination, and has stated that he was treated differently from other white and/or Hispanic employees due to his race. Although he does not specifically allege that the other employees were "similarly situated," he has identified those employees and thus has provided PetSmart with adequate notice of his claim. *See Peterson v. Long Island R.R. Co.,* 2010 WL 2671717, at *4 (E.D.N.Y. June 30, 2010) (dismissal not required where plaintiff failed to plead

---

[2]The *Boykin* court specifically noted that the "vitality of this principle" has been upheld since *Twombly. Boykin,* 521 F.3d at 215.

"comparators"). The facts alleged by plaintiff create an inference that the adverse action taken by PetSmart was based upon his race. Based on the Second Circuit's direction in *Boykin*,[3] I find that the allegations in this complaint are sufficient to state a plausible claim for relief and to give PetSmart fair notice of his claim and the grounds upon which it rests. Accordingly, it is recommended that defendant's motion to dismiss the Title VII claim be denied.

## II. Breach of Contract claim

Plaintiff claims that he was not afforded the process provided by the PetSmart Employee Handbook prior to his termination, and that this failure constitutes a breach of contract. The four allegations in the Complaint concerning this claim are as follows:

> 34. Mr. Smalls was fired in violation of PetSmart, Inc company policy as laid out in their employer's handbook and this formed an employment contract.
> . . .
> 36. PetSmart's Employee Handbook provides that employees are to be coached then counseled then subject to a written warning prior to firing. None of this was done with Mr. Smalls.
>
> 37. At no time during Mr. Smalls employment with PetSmart was he ever coached, counseled or subject to any written warning or documented for any negative performance before he was fired.
> . . .
> 40. Wherefore PetSmart breached it's [sic] employment contract with Mr. Smalls.

---

[3]Although the plaintiff in *Boykin* appeared pro se, the court's holding was not limited to pro se pleadings, *see* 521 F.3d at 215, and that court's reasoning has been applied in cases in which the plaintiff was represented by counsel. *See, e.g., Ritterband v. Hempstead Union Free Sch. Dist.,* 2008 WL 3887605, at *8 (E.D.N.Y. Aug. 20, 2008) (expressing "misgivings about the sufficiency" of the complaint alleging discrimination on the basis of race and religion, but denying motion to dismiss in light of *Boykin*); *LaGrassa v. Autoone Ins. Co.,* 2008 WL 3887606, at *5 (E.D.N.Y. Aug. 20, 2008) (noting that while complaint presents "the barest of allegations" it was sufficient, in light of *Boykin,* to give fair notice to defendant of gender and age discrimination claims).

Defendant argues that the allegations fail to establish that the Handbook formed a binding contract pursuant to the laws of New York.

Under New York law, "[a]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party." *DePetris v. Union Settlement Ass'n, Inc.,* 86 N.Y.2d 406, 410, 633 N.Y.S.2d 274, 276 (1995) (citation omitted). The New York Court of Appeals has further noted that, "routinely issued employee manuals, handbooks and policy statements should not lightly be converted into binding employment agreements." *Lobosco v. New York Tel. Co./NYNEX,* 96 N.Y.2d 312, 317, 727 N.Y.S.2d 383, 386 (2001). The existence of an implied contract may be proven if a plaintiff can establish that there was an "express written policy limiting [the employer's] right of discharge and that the employee detrimentally relied on that policy in accepting the employment." *Marfia v. T.C. Ziraat Bankasi,* 147 F.3d 83, 88 (2d Cir. 1998) (quoting *DePetris,* 86 N.Y.2d at 410, 633 N.Y.S.2d at 276). However, the "mere existence of a written policy . . . does not limit an employer's right to discharge an at-will employee or give rise to a legally enforceable claim by the employee against the employer." *DePetris,* 86 N.Y.2d at 410, 633 N.Y.S.2d at 276.

At most, Smalls contends that the handbook constituted an employment contract and that PetSmart did not follow the procedures set forth in the handbook. He does not point to any express written policy limiting PetSmart's right of discharge, nor does he allege that he accepted employment in reliance on any such policy. Thus, the court recommends that the motion to dismiss the breach of contract claim be granted. *See generally Metellus v. JetBlue Airways Corp.,* 2010 WL 1267777, at *4 (E.D.N.Y. Mar. 30, 2010) (dismissing breach of contract claim

where plaintiff claimed that his employer failed to follow a four step warning process set forth in employer handbook).

## III. Wrongful Termination

Finally, plaintiff alleges "wrongful termination" as a cause of action separate from "discriminatory termination." He does not reference a statutory basis for this claim, and "New York does not recognize the tort of wrongful discharge." *Lobosco,* 96 N.Y.2d at 316, 727 N.Y.S.2d at 385 (citing *Murphy v. American Home Prods. Corp.,* 58 N.Y.2d 293, 297, 461 N.Y.S.2d 232, 233 (1983)); *see also Metellus,* 2010 WL 1267777, at *4 (noting that it is "well-settled law" that New York does not recognize a claim for wrongful termination). Accordingly, to the extent the complaint can be read to state a claim for wrongful termination, such a claim must be dismissed.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order.*See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 1, 2010

                                           /s/ William D. Wall
                                           WILLIAM D. WALL
                                           United States Magistrate Judge